IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BULLOCK | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-1456 |
| | : | |
| ERIC TICE, et al. | : | |

## ORDER

AND NOW, this 2nd day of June, 2017, upon careful and independent consideration of Petitioner Michael Bullock's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, and after de novo review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice and Bullock's objections thereto, it is ORDERED:

1. Bullock's objections to the Report and Recommendation (Document 10) are OVERRULED[1];

---

[1] Bullock objects to the Report and Recommendation (R&R), asserting the R&R erroneously concludes the denial of Bullock's parole applications did not violate his equal protection and due process rights under the Fourteenth Amendment. Bullock contends he was unfairly denied parole, as he "has completed all that is required for parole eligibility," yet was "given reasons for being denied parole that [are] not substantiated by any supporting facts." Obj. 2 (internal quotation marks and emphasis omitted). Bullock further contends other inmates who have completed the same requirements he has for parole eligibility have been granted parole.
  "[A] court's role in reviewing decisions by [a parole commission] on an application for a writ of habeas corpus is limited." *Furnari v. Warden, Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 254 (3d Cir. 2000). Indeed, "the inquiry is only whether there is a rational basis in the record for the [commission's] conclusions embodied in its statement of reasons." *Id.* In determining whether the denial of parole rests on a rational basis, the court considers "whether the [c]ommission has followed criteria appropriate, rational and consistent with its enabling statutes so that its decision is not arbitrary and capricious, nor based on impermissible considerations." *Id.* (internal quotation marks omitted). "To this end, the [c]ommission may not base its judgment as to parole on an inaccurate factual predicate." *Id.* (internal quotation marks omitted).
  In April 2010, while on probation for firearms offenses, Bullock was convicted of criminal conspiracy and illegal possession of firearms. Bullock's probation was revoked, and he was sentenced to three-to-six years of imprisonment. After serving his minimum sentence of three years, Bullock applied for parole. The Pennsylvania Board of Probation and Parole thereafter interviewed Bullock and reviewed his file. On May 29, 2014, the Board denied Bullock parole, basing its decision on Bullock's "prior unsatisfactory parole supervision history," "failure to demonstrate motivation for success," and "lack of remorse," and because the Board's reports,

2. The Report and Recommendation (Document 9) is APPROVED and ADOPTED;

3. Bullock's Petition for Writ of Habeas Corpus (Document 1) is DISMISSED;

4. There is no probable cause to issue a certificate of appealability; and

5. The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

evaluations, and other assessments indicated that Bullock remained a risk to the community. Resp. Ex. C, Notice of Bd. Decision, May 29, 2014. A year later, Bullock again applied for parole, which the Board, again interviewing Bullock and reviewing his file, denied on November 10, 2015. The Board stated the same reasons in its 2015 decision as it did in its 2014 decision, except the later decision did not state that Bullock failed to demonstrate motivation for success. *See id.*, Ex. D, Notice of Bd. Decision, Nov. 10, 2015.

On review of the Board's decisions, the Court finds they rest on a rational basis. The Board has broad discretion in its parole determinations, and its conclusion that Bullock remained a risk to community warrants deference. Moreover, Bullock's argument that he should be granted parole because similarly situated inmates were granted parole is baseless. As noted in the R&R, Bullock raises no facts to support this conclusory claim, and indeed, such facts would be difficult to assert. *See Rowe v. Cuyler*, 534 F. Supp. 297, 301 (E.D. Pa. 1982) ("[I]t is difficult to believe that any two prisoners could ever be considered 'similarly situation' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics."), *aff'd* 696 F.2d 985 (3d Cir. 1982). Bullock likewise raises no facts in his petition or in his objections to the R&R that suggest the Board's decisions were based on an inaccurate factual predicate. The Court therefore finds the Board's denials of parole were not arbitrary or capricious. Because Bullock fails to assert any reason to disturb the R&R's conclusion that he did not suffer a constitutional violation arising out of the Board's denial of parole, his objections are overruled.